THE ILLINOIS FARMERS' INSTITUTE, Appellant, *vs.* JAMES J. BRADY, State Auditor, *et al.* Appellees.

*Opinion filed February 17, 1915.*

1. APPROPRIATIONS—*the Appropriations act applies to appropriations to the Illinois Farmers' Institute.* The fact that the act creating the Illinois Farmers' Institute provides that its board of directors shall have sole care and disposal of all sums that may be appropriated by the State to sustain the organization does not exempt such corporation from the provisions of section 2 of the Appropriations act of 1913, which requires certified pay-rolls for the employees of such corporation and itemized bills for other expenses before warrants in payment shall be drawn by the Auditor of Public Accounts.

2. ILLINOIS FARMERS' INSTITUTE—*the employees of the Illinois Farmers' Institute are not subject to the State Civil Service act.* Neither the corporation, the Illinois Farmers' Institute, nor its members, officers or employees, are officers of the State or any political subdivision thereof, nor is the corporation, its board of directors or employees in the service of the State, and not being in the State service such employees are not subject to the provisions of the State Civil Service act.

3. CONSTITUTIONAL LAW—*power to appoint to office in State government cannot be given to voluntary associations.* Voluntary organizations cannot appoint to office in the State government nor can the legislature give them power to do so.

4. SAME—*what appropriations are included in title of the Appropriations act.* Appropriations to individuals and voluntary associations not in the service of the State and for expenses which would not come within a narrow definition of the term "expenses

of the State government," as used in the title of the Appropriations act, are nevertheless fairly included within such term if they are proper charges assumed, in the discretion of the General Assembly, as expenses of the State government.

5. APPEALS AND ERRORS—*when interest of the State authorizes a direct appeal to the Supreme Court.* The interest of the State in a *mandamus* proceeding to compel the Auditor of Public Accounts to draw warrants on the State Treasurer for sums appropriated to the petitioner without compliance by the petitioner with either the Appropriations act of 1913 or the State Civil Service act authorizes a direct appeal to the Supreme Court from the judgment of the trial court dismissing the petition.

APPEAL from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

GEORGE B. GILLESPIE, (GILLESPIE & FITZGERALD, of counsel,) for appellant.

P. J. LUCEY, Attorney General, and GEORGE P. RAMSEY, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, the Illinois Farmers' Institute, a corporation, filed in the circuit court of Sangamon county its petition in this case for a writ of *mandamus* commanding the appellee James J. Brady, Auditor of Public Accounts, to issue his warrant, payable to the petitioner, for the sums appropriated to it in the act to provide for the ordinary and contingent expenses of the State government, in force July 1, 1913, (Laws of 1913, p. 92,) except certain sums specified in the petition already paid, and commanding the appellee William Ryan, Jr., Treasurer of the State, to pay such warrant. The defendants demurred to the petition, and the demurrer was sustained and the petition dismissed. An appeal was prosecuted to the Appellate Court for the Third District for the purpose of reversing the judgment, and that court transferred the cause to this court.

The same motion to remand the cause to the Appellate Court was made in this case as in the case of *State Board of Agriculture* v. *Brady,* 266 Ill. 592, and it is denied for the reason stated in the opinion in that case.

The petition alleged that the act referred to appropriated to the petitioner the following sums per annum: For janitor and messenger $900, for stenographers $2000, for expert judges, instructors and speakers $6000, and for expenses of holding county farmers' institutes $7650. The circuit court decided two questions against the claim of the petitioner and certified the same under the Practice act for the purpose of an appeal. The questions certified were the same as in the case of *State Board of Agriculture* v. *Brady, supra,* in which they were considered and decided as applied to the State Board of Agriculture. That case involved salaries, only, while this one includes not only salaries but expenses for speakers and instructors and for county institutes, so that the questions now to be determined are whether section 2 of the act making the appropriations applies to the Illinois Farmers' Institute both as to salaries and expenses and whether the Civil Service act applies to it.

The Illinois Farmers' Institute is a corporation created by the act entitled "An act creating the Illinois Farmers' Institute," in force July 1, 1895. (Laws of 1895, p. 1.) There were amendments in 1903 and 1909, but they did not in any manner affect the character of the corporation. The act did not purport to make the corporation a part of the State government nor attempt to confer upon it any of the functions of government, but the declared purpose was to assist and encourage useful education among the farmers and for developing the agricultural resources of the State. The corporation was to consist of three delegates from each county of the State, elected annually at the county farmers' institute of each county by the members. The affairs of the corporation were to be managed by a board of directors, consisting of the State Superintendent of Public Instruction,

the professor of agriculture of the University of Illinois, the president of the State Board of Agriculture, the president of the State Horticultural Society, the president of the State Dairymen's Association, and one member from each congressional district, to be selected by the delegates from the districts present at the annual meeting of the corporation. Section 2 of the act making the appropriations in question authorized the drawing of warrants for salaries and pay of employees on monthly pay-rolls, certified to, respectively, by the heads of departments or by boards of commissioners and trustees requiring the services of the employees, and for other expenses warrants were to be drawn only on itemized bills showing the expenditures of the moneys shown in the bills, except for traveling expenses, as to which certain specific items were required.

It is argued that the corporation is not subject to the conditions prescribed in section 2 because the act of incorporation provided that the board of directors should have sole care and disposal of all sums that might be appropriated by the State to sustain the organization and expend the same in such manner as in their judgment would best promote the interests in useful education among farmers and develop the agricultural resources of the State. While the act creating the corporation provided that the board of directors should expend moneys appropriated to it in such manner as in their judgment would best promote the objects of the corporation, that provision raises no inference that the State, in paying the moneys, should remain in ignorance of the purposes for which the money was expended, or that the corporation should be exempt from furnishing to the State itemized bills which should show that the moneys were expended for the purpose for which they were appropriated. The original act required the corporation to make annual reports to the Governor of its transactions, and 10,000 copies were to be printed for the use of the institute and the General Assembly. By the amendment of

1909 the number of printed copies was increased to 50,000, and they were to be for the use of the institute and for distribution. These reports would give some general information, but that provision does not preclude the General Assembly from providing for itemized bills, from which the manner in which the judgment of the board of directors was exercised could be ascertained. The State has continuously made appropriations to the institute, and the condition that itemized bills should be furnished was not only within the legislative power but is not subject to criticism. The institute is within the conditions prescribed by section 2 of the act, both as to salaries, as was decided in the case of the State Board of Agriculture, and also as to expenses.

Neither the corporation, the Illinois Farmers' Institute, nor its members, officers or employees, are officers of the State or any political subdivision and do not perform any of the functions of government. Neither the delegates who constitute the corporation, nor any member of the board of directors except the State Superintendent of Public Instruction, is elected by the people. The members of the board are chosen by delegates selected by farmers' institutes, or they are members because one is a professor in a university and others are presidents of voluntary organizations or president of the board of agriculture. None of these associations can appoint to office in the State government and the General Assembly cannot give them power to do so. (*Lasher* v. *People,* 183 Ill. 226.) We see no reason for saying that the corporation, its board of directors or the employees of the corporation are in the service of the State. The board of directors and employees are in the service of the corporation created to accomplish ends and purposes specified in the act and believed to be beneficial to the public interest but do not perform any duty or exercise any of the powers of governments. Not being in the State service the employees are not subject to the provisions of the Civil Service act.

The subject of the Appropriation act, as indicated by the title, is to provide for the ordinary and contingent expenses of the State government, but the act makes appropriations to individuals and voluntary associations not in the service of the State and for numerous expenses which would not come under a narrow definition of expenses of the State government. They are all, however, fairly included in the title as proper charges assumed, in the discretion of the General Assembly, as expenses of the State government.

The judgment is affirmed.     *Judgment affirmed.*